LEO W. NEWELL AND PAUL NEWELL, PLAINTIFFS-RE-SPONDENTS, v. AETNA INSURANCE COMPANY, DE-FENDANT-APPELLANT.

Decided April 7, 1923.

**Insurance—Misrepresentation in Description of Property—Automobile Described as a Model 1917 When in Fact it was a Model of 1912—Right to Recovery Defeated.**

On appeal from the Hudson Circuit.

Before Justices KALISCH, BLACK and KATENZBACH.

For the appellant, *William Huck, Jr.*

For the respondent, *Alexander Simpson.*

PER CURIAM.

This is an appeal from a judgment entered in the Hudson Circuit in favor of the plaintiffs in an action brought by the plaintiffs against the defendant to recover the sum of $1,600 on an insurance policy issued by the defendant company to the plaintiffs on their automobile truck which was de-

stroyed by fire. The defendant had a rule to show cause why a new trial should not be granted, reserving exceptions taken to the refusal of the court to grant a motion for a nonsuit and a motion to direct a verdict for defendant. The rule to show cause was discharged.

The plaintiffs' truck was insured by the defendant company on June 28th, 1921. On July 27th, the truck was destroyed by fire. The policy had printed on it, under the caption, "Warranties" the following:

1. Assured's occupation or business is ...............
2. The following is the description of the automobile:

The appellant's single contention is that the answer, of the assured, under 2 requiring a description of the automobile, that the Model Year, of the automobile was 1917, whereas the undisputed fact is that it was manufactured in and was a model of 1912, was a breach of warranty as to its description, and was a misrepresentation of a material fact, thereby defeating plaintiffs' right to any recovery.

In *Flakes* v. *Aetna Insurance Co.,* 119 *Atl. Rep.* 277, it was held by this court that a statement in a policy of insurance on an automobile against theft that automobile was a model of 1916, whereas it was a model of 1913, was a breach of warranty as to its description, within the express terms of the policy, and was of such a material nature as to defeat a recovery on the policy. The principle enunciated in that case is controlling upon us here.

Judgment is reversed.